982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry Joe MEDINA, Petitioner-Appellant,
v.
M. Eldon BARNES, Warden, Respondent-Appellee.
 Nos. 91-4207, 92-4030.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1992.
 
 Before BALDOCK and SETH, Circuit Judges, and BABCOCK,* District Judge.
 ORDER AND JUDGMENT**
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioner's motions for a certificate of probable cause and for forma pauperis appeal are granted.
 
 
 3
 On the record before us, this appeal must be considered to be within the holding of the Supreme Court in J.C. Keeney, Superintendent v. Jose Tamayo-Reyes, --- U.S. ----, 60 U.S.L.W. 4339 (1992 W.L. 86572).
 
 
 4
 The cause and prejudice doctrine should thus be applied to the failure to develop facts in the state court proceedings relative to the assertions of Petitioner/Appellant that perjured testimony was given at trial by the two principal witnesses for the prosecution--Ricky Myers and Eli Archuleta.
 
 
 5
 The testimony of these witnesses was critical. One was an eyewitness identification of Petitioner as the person who shot the decedent. The other testified as to an incriminating statement by the Petitioner as to the crime.
 
 
 6
 The perjury issue as to this testimony, a basic element of the prosecution's case, was raised in the state habeas proceedings, but was not developed and apparently not considered, to enable this court to resolve the legal questions. As the court said in Keeney v. Tamayo-Reyes, 60 U.S.L.W. at 4342:
 
 
 7
 Respondent Tamayo-Reyes is entitled to an evidentiary hearing if he can show cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure. We also adopt the narrow exception to the cause-and-prejudice requirement: A habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing.
 
 
 8
 The case must be remanded to the United States District Court "to afford the Respondent the opportunity to bring forward evidence establishing cause and prejudice," as the Supreme Court agreed in Keeney.
 
 
 9
 IT IS SO ORDERED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Lewis T. Babcock, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3